## Basler v. Gerhard

*High, Dettra & Swartz,* for plaintiff.
*William A. O'Donnell, Jr.,* for defendant.
*Smillie & Bean,* for additional defendant.

KNIGHT, P. J., January 10, 1941.—This is the record in the case.

On February 9, 1940, an action in trespass was brought by Irvin L. Basler against Robert M. Gerhard, and on the same day plaintiff filed a statement of claim.

On April 4th an affidavit of defense was filed, and on the following day defendant presented a petition for the joinder of Tony Taormina as an additional defendant under Pa. R. C. P. 2252.

On April 19th the prayer of the petition was granted by the court, Tony Taormina was joined as an additional defendant, and the sheriff directed to serve a copy of the petition, etc., upon the said Tony Taormina. For some reason, service of the papers as directed in the above decree was not made until July 15, 1940.

On August 16, 1940, Tony Taormina entered a motion to void the decree of April 19, 1940, making him an additional defendant, on the grounds that he had not been served for a period more than 30 days after the date of the entry of the decree joining him as a defendant; that the time for service was not extended by the court, nor was the order reinstated within a period of 60 days after the service upon defendant of the initial pleading of plaintiff.

This motion was allowed by the court, and the decree entered April 19, 1940, declared void under Pa. R. C. P. 2255.

On September 11, 1940, by agreement of counsel in writing, an amended statement of claim was filed, which

statement amended the first pleading in but two particulars, viz:

In paragraph 1 of the statement of claim, as originally filed, it was stated that "the plaintiff was driving his Plymouth sedan automobile in a *Southwesterly* direction on the Ridge Pike". In the amended statement, the direction is given as *easterly*.

In paragraph 3 of the statement of claim, as originally filed, it is stated that plaintiff's car was struck by the automobile operated by defendant "at a distance of approximately seventy-five feet *northeast* of the intersection of said Ridge Pike." In the amended statement of claim, the direction is given as *west*.

To the amended statement defendant filed an affidavit of defense, and then filed a second petition for the joinder of Tony Taormina, as additional defendant.

On October 18, 1940, the court entered a decree, joining Tony Taormina as an additional defendant.

On November 20, 1940, Tony Taormina entered a motion to dismiss the order and void the decree of October 18, 1940.

This motion was argued before the court en banc, and is now with us for decision.

Pa. R. C. P. 2253 provides in part:

"No petition shall be granted if filed by a defendant later than sixty days after the service upon him of the initial pleading of the plaintiff or any amendment thereof, if he is an original defendant . . ."

Counsel for the original defendant contends that the words "any amendment" must be taken literally, and be held to include any kind of amendment, whether it be to substance, or merely as to form. Counsel for the proposed additional defendant contends that, as to him, the matter is res adjudicata.

By necessary implication, rule 2253, quoted in part, supra, provides that the original defendant may file a petition for the joinder of an additional defendant, provided such petition is filed not later than 60 days after

service of the initial pleading of plaintiff, or any amendment thereof.

The second petition for joinder of Tony Taormina was filed well within the 60-day period.

Pa. R. C. P. 127, Construction of Rules, para. (b), declares:

"Every rule shall be construed, if possible, to give effect to all its provisions. When the words of a rule are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."

The portion of rule 2253, above quoted, is clear and free from ambiguity. The words "or any amendment thereof" are not qualified or limited in any way. We are, therefore, of the opinion that we may not consider the character of the amendment, in determining the right of the defendant to join an additional defendant.

It does not necessarily follow that the present motion must be overruled. We do not believe that it was the intention of the Supreme Court that an original defendant, who has had a full opportunity of presenting a petition for joinder under rule 2252, should be given an additional chance upon the filing of subsequent amendments, when these amendments do not change the factual situation, so as to involve the additional defendant, for such a view might well render the time limitation in the rules meaningless.

An examination of the petition for joinder discloses that the alleged liability of the additional defendant was not in any wise affected by the amendment of the statement of claim. We do not know why the original petition and order of the court were not served in time, but certainly the fault was not with the additional defendant.

We are, therefore, of the opinion that, the original defendant having had a full opportunity of proceeding under rule 2252, and having failed to comply with rule 2255, he is barred from filing a second petition, after an amendment to the statement of claim, which in no wise affects the liability of the proposed additional defendant.

And now, January 10, 1941, the motion is allowed, and the decree of this court, entered October 18, 1940, joining Tony Taormina, as an additional defendant in this case, is declared void.